| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

AGUEDA O. ALVARADO, et al.,
    Plaintiffs,
    v.
COUNTRYWIDE BANK, N.A., et al.,
    Defendants.

Case No. 14-cv-03528-JD

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

On August 5, 2014, pro se plaintiffs Agueda O. Alvarado and Hector Y. Alvarado filed a complaint against defendants Countrywide Bank, N.S., Wells Fargo Bank N.A., and Select Portfolio Servicing, Inc. Complaint, Dkt No. 1. On September 2, 2014, Wells Fargo filed a motion to dismiss the complaint. *See* Motion to Dismiss, Dkt. No. 6. Because plaintiffs did not file a response to Wells Fargo's motion within the time period required by Civil Local Rule 7-3, the Court issued an order to show cause why, and warned plaintiffs that a failure to do so could result in the motion being granted and the action being dismissed for failure to prosecute.

Plaintiffs did not respond to the order to show cause. The Court therefore dismisses the action with prejudice for failure to prosecute.

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case for failure to prosecute or to comply with any of its orders. Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *See Espinosa v. Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

Application of these factors here weighs in favor of dismissal. Plaintiffs did not file a response to Wells Fargo's motion to dismiss as required by the local rules and by court order, despite being warned that this might result in dismissal for failure to prosecute. *See* Dkt. No. 25. With respect to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Espinosa*, 2011 WL 334209, at *1 (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). For the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket."). For the third factor, plaintiffs have filed nothing at all explaining why they have failed to respond to Wells Fargo's motion to dismiss. This weighs strongly in favor of dismissal. *See Espinosa*, 2011 WL 334209, at *2. With respect to the fourth factor, the Court gave plaintiffs several months to file a response to Wells Fargo's motion to dismiss -- far more than the time required under the local rules. The Court also warned plaintiffs that failure to file a response could result in dismissal for failure to prosecute. This is sufficient to satisfy the requirement that the Court consider whether less drastic sanctions may be available. *See Ferdik*, 963 F.2d at 1262. Although the fifth factor -- the public policy favoring disposition of cases on their merits -- might weigh against dismissal on its own, the cumulative weight of the other factors overrides it. *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal).

## CONCLUSION

Plaintiffs have been warned that their failure to file a response to Wells Fargo's motion to dismiss would result in dismissal for failure to prosecute. Consequently, the case is dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: December 2, 2014

_____
JAMES DONATO
United States District Judge

2